RAMÓN P. VILLAMIL, Intervener and Appellee, *v.* SOBRINOS DE IZQUIERDO, INC., Defendant and Appellant, and GRAULAU BROS., Defendant.

No. 5656.   Argued February 1, 1933.—Decided March 10, 1933.

Molina, Dubón & Ochoteco for appellant.   R. Ramírez Pabón for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

On August 22, 1929, Sobrinos de Izquierdo, Inc., brought an action, in the Municipal Court of San Juan, Second Section, against Graulau Bros., to recover the sum of $425.57. In order to secure the effectiveness of any judgment that might be rendered in the action in favor of the appellant, property of the defendant was attached which the marshal appraised at $505. The plaintiff in the action against Graulau Bros. obtained judgment for the sum claimed, or $425.57.

On the same date that the said property was attached, Ramón P. Villamil made an affidavit claiming that the personal property attached was his, and stating that he made this claim in good faith.

The appellee, as principal, and Pedro Romanacce and José Semidey, as sureties, executed a bond in favor of the appellant for the sum of $1,010, that is, for twice the value at which the attached property was appraised, and this bond was approved by the marshal of the municipal court on September 6, 1929.

The record shows that on November 19, 1929, the clerk of the Municipal Court of San Juan, Second Section, notified the appellant and the appellee, as well as Graulau Bros., that the intervention proceeding above referred to had been filed in the office of the clerk of the said court. On March 21, 1930, appellant filed a motion asking that judgment be entered against appellee Ramón P. Villamil, and that the intervention proceeding be dismissed, on the ground that, although he had been served with notice to that effect, appellee had not made an appearance in the intervention proceeding within the term fixed by the statute.

On April 22, 1930, the Municipal Court of San Juan held that it had no jurisdiction to entertain the proceeding, in accordance with the provisions of section 17 of the Act to provide for intervention proceedings (*Ley de Tercerías*), and ordered that both the affidavit and the bond filed by appellee be returned to the marshal of the said court, and that the said officer in his turn send them directly to the clerk of the District Court of San Juan.

It appears from the record that, on May 28, 1930, the clerk of the District Court of San Juan notified appellant and appellee, as well as Graulau Bros., that the affidavit and bond executed by the appellee and referred to above had been filed with the said clerk, in accordance with the provisions of section 11 of the aforesaid act regulating intervention proceedings.

On June 5, 1930, appellant filed its appearance in the said intervention proceeding, and subsequently, on June 18, 1930, it requested the lower court to dismiss the claim of the appellee, and to render judgment against the appellee, as well as his sureties, for the appraised value of the attached property, pursuant to the provisions of section 12 of the said act relative to intervention proceedings, on the ground that neither the appellee Ramón P. Villamil, nor the other defendant Graulau Bros., had filed an appearance in the

intervention proceeding within the term provided by the statute, after having been served with notice by the clerk of the court.

The appellee Ramón P. Villamil appeared and opposed the motion of the appellant, alleging under oath, among other things, that the marshal of the Municipal Court of San Juan at no time delivered to him the property involved in the affidavit and bond filed, and which was attached in the original case of *Sobrinos de Izquierdo, Inc.,* v. *Graulau Bros.* The appellee further alleged, that the said property was deposited with one of the defendants, a member of the defendant firm Graulau Brothers, and that, according to his information and belief, the marshal of the said Municipal Court of San Juan levied on and sold at public auction part of the property attached, to satisfy a judgment in *Casanova Bros.* v. *Graulau Bros.*

The lower court, the Hon. Ricardo A. Gómez acting as judge, after a hearing at which appellant and appellee appeared and evidence was produced by both parties, rendered judgment on October 7, 1930, merely dismissing the intervention proceeding brought by appellee for want of prosecution, without making any other pronouncement, in spite of the fact that appellant requested that the claim be dismissed and that Ramón P. Villamil, as well as his sureties, be adjudged to pay to the defendant in the intervention proceeding the appraised value of the property attached, in accordance with the provisions of the statute. From this judgment Pérez Villamil appealed to this Court, and the appeal was dismissed on November 18, 1930 (41 D.P.R. 1010). Subsequently, on January 29, 1931, the appellant filed a petition in the lower court requesting that the judgment entered on October 7, 1930, be amended *nunc pro tunc,* in order to adjust it to the provisions of sections 14 and 15 of the Act of the Legislature of Puerto Rico providing for intervention proceedings to try title to personal property,

which petition was denied by the lower court on February 25, 1931, the Hon. Pablo Berga acting as judge. From this decision the present appeal was taken.

It is alleged that the court erred in holding that the amendment of the judgment entered by the lower court on October 7, 1930, as requested by the appellant, was a substantial amendment, and in denying the amendment *nunc pro tunc* requested by appellant.

Appellant argues that the judgment rendered by the district court should have contained a provision ordering the appellee, as intervener, to return the property involved in the intervention proceeding to the marshal of the Municipal Court of San Juan, so that this officer should proceed to execute the judgment obtained by the appellant in the action which gave rise to the attachment of the said property; and in case he should fail to return said property within ten days from the rendition of the judgment, in as good a condition as he received it, and pay for the use of the same, together with the damages and costs, adjudging the appellee and his sureties to pay the value of the said property.

From the opinion rendered by the lower court when dismissing the motion of the appellant, we copy the following:

"It clearly appears in this case that the court dismissed the complaint for want of prosecution, that is, because the claimant did not appear, after having been notified in due form, following the provisions of section 12 of the Act regulating intervention proceedings, but without deciding anything concerning the non-delivery by the marshal of the property involved in the proceeding, although the question was raised by the claimant and evidence was produced, and without entering any judgment against the claimant and his sureties, as provided by sections 14 and 15 of the act, for the value of the property, with legal interest thereon from the date of the bond; or since the said value is greater than the amount claimed in the order by virtue of which the property was attached, adjudging them to pay the amount claimed in the order, subject to the condition provided in section 15 that if the claimant should return the property, within ten days from the date on which the judgment against the claimant should become firm, in the same condition in

which he received it, and should pay for its use, as well as for the damages and expenses caused, the judgment should be considered satisfied by such delivery and payment.''

It is true that, according to the Act regulating intervention proceedings, when the claimant of property fails to prove his title to the same, the court has the duty of entering judgment against the claimant and his sureties. The act also imposes on the officer before whom the claim is sworn the duty of delivering the property claimed to the person who makes the claim and files the bond. The claimant alleged under oath that the marshal had never put him in possession of the property. The court, after holding a hearing at which evidence was taken, confined itself to the entry of a judgment dismissing the intervention proceeding, without making any other pronouncement. It is argued that the court should have adhered to the terms of the statute, and that the omissions occurring in its judgment should be supplied by means of a judgment *nunc pro tunc*. The question that the property claimed was never delivered to the appellee was raised in the lower court, which rendered its judgment after hearing the parties and after evidence was taken. The court below, in the order appealed from, states that the record does not show that the claimant was given possession of the property. According to the statute and the terms of the bond, the claimant is obligated to return the property in the same condition in which he received it, and if he should fail to return it, then he must pay the proper compensation. It is clear that delivery of the attached property to the claimant is a necessary prerequisite to his returning or compensating for it. The statute provides that, after the bond is approved and the property delivered to the claimant, the property shall be considered as *in custodia legis,* and shall not be withdrawn from the possession of the claimant by virtue of any similar order or orders. Whether or not this last requisite of delivering the property to the claimant was complied with is something which does not clearly ap-

pear from the record. However, for the purpose of the appeal taken, it is sufficient for us to know that the question was duly raised before the lower court, and that the court refrained from entering judgment against the claimant and the sureties. The question of whether or not the property was delivered is for the lower court—which entertained the action, heard the parties, and entered the judgment now sought to be amended—to decide, and not for this Court, which has no basis on which to make such determination. It is clearly seen that this is not a case of an involuntary omission, or of an error due to inadvertence, but of a deliberate decision which may possibly be justified by the evidence and which should not be altered by a *nunc pro tunc* judgment ordered by this appellate Court, which has no knowledge of the facts brought before the lower court at the hearing of the motion of the appellant that culminated in the judgment dismissing the intervention proceeding without any pronouncement against the appellee and his sureties.

In our opinion the order appealed from should be affirmed.